| | |
|---|---|
| RETAIL ROYALTY COMPANY and AE OUTFITTERS RETAIL CO., <br><br> Plaintiffs, <br><br> v. <br><br> SUNSATIONS, INC., <br><br> Defendant. | **FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT** |

Plaintiffs Retail Royalty Company and AE Outfitters Retail Co. (collectively, "AEO") and Defendant Sunsations, Inc. ("Sunsations") have reached a confidential agreement in settlement of the dispute between them and have consented to the entry of this Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of facts and conclusions of law, which the Court hereby adopts for purposes of the entry of this Consent Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiff Retail Royalty Company is a Nevada Corporation with a principal place of business at 101 Convention Center Drive, Las Vegas, Nevada 89101.

2. Plaintiff AE Outfitters Retail Co. is a Delaware corporation with a principal place of business at 77 Hot Metal Street, Pittsburgh, Pennsylvania 15203.

3. AEO owns and uses in commerce the trademarks AMERICAN EAGLE OUTFITTERS, AMERICAN EAGLE, AE, and the Flying Eagle Design depicted below.

1

(Collectively, these marks are referred to as the "AEO Marks.") Due to AEO's long and continuous use of the AEO Marks in connection with its retail stores, clothing, footwear, accessories and other products and services, as well as the excellence of its products, the AEO Marks are widely recognized by the public as indicators of the source of AEO's goods and services.



Flying Eagle Design

4. AEO owns all copyright and trademark rights in the Flying Eagle Design, including its federally registered copyright, U.S. Copyright Reg. No. VA-1-622-340 (the "Flying Eagle Copyright Registration"), and its incontestable federally registered trademark, U.S. Trademark Reg. No. 3,878,197 (the "Flying Eagle Design Registration") which depicts a silhouette of an eagle.

5. AEO designs, markets, and sells clothing and accessories, among other products, targeting 15 to 25 year-olds, under the AEO Marks.

6. AEO has used the Flying Eagle Design for apparel and other goods for more than a dozen years. The Flying Eagle Design appears prominently on AEO's apparel, both alone and with other elements, on AEO's signature merchandise and on store signage and related goods.

7. Due to AEO's long and continuous use of the Flying Eagle Design in connection with its retail stores, website, clothing, footwear, accessories and other products and services, as well as the excellence of its products, the Flying Eagle Design is widely recognized by the public

2

as an indicator of the source of AEO's goods and services. The public is uniquely aware of the Flying Eagle Design and identifies that mark with AEO.

8. Defendant Sunsations, Inc. is a Virginia corporation that operates retail stores at 1504 S. Croatan Highway, Kill Devil Hills, NC 27948; 710 S. Croatan Highway, Kill Devil Hills, NC 27948; and 6901 S. Croatan Highway, Nags Head, NC 27959, as well as in Delaware, Florida, Maryland, New Jersey, and Virginia.

9. Notwithstanding AEO's rights, Sunsations has been marketing, distributing, offering for sale, and selling apparel bearing the Flying Eagle Design without AEO's authorization (the "Infringing Apparel"). The Infringing Apparel offered by Sunsations was not authorized by AEO nor was it manufactured under AEO's auspices.

10. Sunsations does not own any federal or state registrations or trademark applications for any mark that includes, in whole or in part, an eagle design, and Sunsations cannot assert any rights in such marks that are prior to AEO's first use of the AEO Marks. Nor does Sunsations own any copyright registrations (or applications to register) the Flying Eagle Design.

11. Representative examples of Infringing Apparel marketed, offered for sale, and sold by Sunsations appear below:



3

12. Sunsations has offered for sale and sold Infringing Apparel at its retail store locations, including in stores located in Kill Devil Hills and Nags Head, North Carolina, and Ocean City, Maryland.

13. On February 18, 2016, AEO commenced the above-captioned action (the "Action") by filing a complaint (the "Complaint") against Sunsations. The Complaint alleged claims for copyright infringement under 17 U.S.C. §§ 101 *et seq.*; trademark counterfeiting and infringement under Section 32 of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1114; unfair competition and false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125; dilution and tarnishment of AEO's famous Flying Eagle Design under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); dilution in violation of the anti-dilution laws of Delaware, DEL. CODE ANN. tit. 6, § 3313 (2002), Florida, FLA. STAT. ANN. § 495.151 (West 2003), and New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2003); common law unfair competition; and unfair and deceptive trade practices under North Carolina law, N.C. GEN. STAT. § 75-1.1.

14. While the Flying Eagle Design on Sunsations' Infringing Apparel is indistinguishable from those employed by AEO, the Infringing Apparel is materially different from and inferior to genuine AEO apparel. Consumers are likely to purchase Sunsations' Infringing Apparel under the erroneous belief that Sunsations is offering genuine AEO apparel. Accordingly, the Infringing Apparel infringes and dilutes AEO's rights in the Flying Eagle Design under the trademark and unfair competition laws, including 15 U.S.C. §§ 1114 and 1125, DEL. CODE ANN. tit. 6, § 3313 (2002), FLA. STAT. ANN. § 495.151 (West 2003), N.J. STAT. ANN. 56:3-13.20 (West 2003), and N.C. GEN. STAT. § 75-1.1.

4

15. Sunsations further has distributed, and misappropriated copies of AEO's copyrighted Flying Eagle Design without AEO's permission or authorization. Sunsations' copies are not only substantially similar to AEO's Flying Eagle Design but appear identical and indistinguishable. Sunsations, therefore, has violated AEO's exclusive rights under 17 U.S.C. §§ 106 and 113, and should be enjoined pursuant to 17 U.S.C. § 502.

16. Sunsations' Infringing Apparel is likely to deceive, confuse, and mislead prospective purchasers, purchasers, and post-sale observers into believing that these unauthorized products are approved or sponsored by AEO when in fact they are not. The likelihood of confusion, mistake, and deception engendered by Sunsations' Infringing Apparel has caused irreparable harm to AEO.

17. The parties have agreed to resolve their dispute by the entry of this Final Judgment and Permanent Injunction on Consent, as well as by payment from Sunsations to AEO a confidential amount of money.

18. This Court has subject matter jurisdiction over AEO's federal claims under 28 U.S.C. §§ 1331 and 1338, and section 39 of the Lanham Act, 15 U.S.C. § 1121. This Court has jurisdiction over AEO's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

19. This Court has personal jurisdiction over Sunsations because Sunsations has hereby submitted itself to the jurisdiction of this Court. This Court also has personal jurisdiction over Sunsations because Sunsations has done business in North Carolina and within this judicial district.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 1400(a).

**PERMANENT INJUNCTION AND ORDER**

Based on the parties' stipulation and agreement hereto, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendant and any employees, agents, owners, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Sunsations, and all those in active concert or participation with Sunsations, and each of them who receives notice directly or otherwise of this Order are **PERMANENTLY ENJOINED and RESTRAINED** from:

   a) using, imitating, copying, advertising, promoting, displaying, or making any unauthorized use whatsoever of the Flying Eagle Design or any mark that is confusingly similar to the Flying Eagle Design;

   b) reproducing, duplicating, copying, misappropriating, or distributing AEO's Flying Eagle Design or any design that is substantially similar to the Flying Eagle Design;

   c) importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the AEO Marks or Flying Eagle Design;

   d) using any simulation, reproduction, counterfeit, copy or colorable imitation of the AEO Marks or Flying Eagle Design in connection with the importation, promotion, advertisement, display, sale, offering for sale,

6

manufacture, production, circulation, or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to AEO or to any goods sold, manufactured, sponsored or approved by, or connected with AEO;

e) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by Defendant is in any manner associated or connected with AEO, or is sold, manufactured, licensed, sponsored, approved or authorized by AEO;

f) using the AEO Marks or Flying Eagle Design in any manner or fashion that trades off of AEO's goodwill, or imitates AEO's use of the AEO Marks;

g) engaging in any other activity constituting unfair competition with AEO, or constituting infringement of the AEO Marks or the Flying Eagle Design;

h) taking any action, including through the use of the AEO Marks or any simulation, reproduction, copy, or colorable imitation thereof, that dilutes the unique association between the AEO Marks and AEO, or that tarnishes the reputation or image of AEO;

i) adding, removing, obscuring, defacing, or obliterating any labels or other quality control or anticounterfeiting device on any AEO product, or importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any AEO

7

product with an added, removed, obscured, defaced or obliterated label or other quality control or anticounterfeiting device;

j) transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Sunsations' possession, custody, or control bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the AEO Marks or the Flying Eagle Design;

k) disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, or distribution of any merchandise bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the AEO Marks or the Flying Eagle Design;

l) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (k) above.

2. Defendant shall pay to Plaintiffs the confidential amount of money agreed upon by the parties by the deadlines agreed upon by the parties.

3. Sunsations is ordered to surrender to AEO any remaining inventory of the Infringing Apparel in Sunsations' possession, custody, or control.

8

Case 2:16-cv-00009-D   Document 14   Filed 06/02/16   Page 8 of 10

4. Sunsations is ordered to cancel any advertising regardless of medium using any simulation, reproduction, counterfeit, copy, or colorable imitation of the AEO Marks or Flying Eagle Design.

5. Plaintiffs and Defendant acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel. Plaintiffs and Defendant understand the undertakings, obligations and terms of this Consent Judgment.

6. Except as to Defendant's obligations set forth in this Consent Judgment, Plaintiffs' claims against Defendant in this Action are hereby dismissed with prejudice. No appeals shall be taken from this Consent Judgment, and Defendant hereby waives all right to appeal from this Consent Judgment.

7. This Court shall retain jurisdiction over this matter to enforce a violation of this Judgment's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Plaintiffs for such breach; as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

It is SO ORDERED, this the __2__ day of __June__, 2016.

_____
United States District Judge

[SIGNATURES OF THE PARTIES APPEAR ON THE FOLLOWING PAGE]

9

**CONSENTED AND AGREED TO:**

**PLAINTIFFS:**

RETAIL ROYALTY COMPANY

By: _____

Title: Vice President

Date: May 3, 2016

AE OUTFITTERS RETAIL CO.

By: _____

Title: Vice President

Date: 5/6/16

**DEFENDANT:**

SUNSATIONS, INC.

By: AVRAHAM SIBONY

Title: SECRETERY

Date: 4/25/16

**COUNSEL FOR PLAINTIFFS:**

s/Laura Miller
Laura Miller
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101

*Attorney for Plaintiffs*

s/Chris Hinnant
Chris Hinnant
Barnwell Whaley Patterson & Helms, LLC
1427 Military Cutoff Rd., #202
Wilmington, North Carolina 28403

*Attorney for Defendant*

10